IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Angelo Redding, | ) | C/A No. 5:14-120-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Sun Printing, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Angelo Redding, filed a Complaint in the Orangeburg County Court of Common Pleas asserting claims of wrongful discharge in violation of public policy, negligence, and violations of workplace policy. The defendant removed the case to federal district court pursuant to 28 U.S.C. §§ 1441 and 1446, asserting jurisdiction based upon 28 U.S.C. §§ 1331. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion for judgment on the pleadings. (ECF No. 9.) Redding filed a response in opposition (ECF Nos. 19 & 20), and the defendant replied (ECF No. 21). Because it appears that the court lacks subject matter jurisdiction over this matter, the court recommends that this case be remanded to state court.

**DISCUSSION**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Id. at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any

PJG

time that it lacks subject-matter jurisdiction, the court must dismiss the action."); 13 Charles Alan Wright et al., Federal Practice and Procedure § 3522 (3d ed. 2008) ("[P]arties cannot waive lack of subject matter jurisdiction by express consent, or by conduct, or even by estoppel.").

A removing party has the burden to establish the existence of federal jurisdiction. Mulcahey v. Columbia Organic Chem. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)). The removal statute, 28 U.S.C. § 1441, must be strictly construed and doubts must be resolved in favor of remand. See Palisades Collections LLC v. Shorts, 552 F.3d 327, 333-34, 336 (4th Cir. 2008). It is well settled that the determination of federal question jurisdiction is governed by the "well-pleaded complaint rule," which requires for the exercise of federal jurisdiction based upon 28 U.S.C. § 1331 that a federal question be presented on the face of the plaintiff's well pleaded complaint. Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004) (citing Aetna Health Inc. v. Davila, 542 U.S. 200 (2004)); see also King v. Marriott Int'l, Inc., 337 F.3d 421 (4th Cir. 2003). For federal jurisdiction to lie, a right or immunity created by the Constitution or the laws of the United States must be an essential element of the plaintiff's claim. Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936); see also Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (stating that federal jurisdiction exists where a plaintiff's " 'well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims' ") (alterations in original) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988)). "Thus, in examining the complaint, our first step is to 'discern whether federal or state law creates the cause of action.' " Pinney, 402 F.3d at 442 (quoting Mulcahey, 29 F.3d at 151). Only actions that could have been originally filed in federal court may be removed from state court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The plaintiff

is the master of the complaint and may avoid federal jurisdiction by exclusively relying upon state law.  Id.

The plaintiff appears to have done so here.  The Complaint alleges three causes of action: (1) wrongful termination in violation of state public policy; (2) negligence; and (3) breach of contract based on violation of an employee handbook.  Nowhere in the Complaint does the plaintiff refer to Title VII of the Civil Rights Act or any other federal statute; nor does he identify any other federal law constituting an essential element of his claims.[1]

The defendant based its removal on the "artful pleading doctrine," which courts have recognized as a kind of exception to the "master of the complaint" rule when a plaintiff artfully avoids federal jurisdiction, not by permissibly relying solely on state law causes of action, but by disguising what is actually a federal claim by fraud or obfuscation.  See generally Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098 (D.S.C. 1990) (Anderson, J.F. Jr., J.) (discussing the artful pleading doctrine).  In determining whether a complaint is "artfully pleaded," courts may look behind it, or "peek" to ascertain facts that would appear in a well pleaded complaint.  Cheshire, 758 F. Supp. at 1100 (citing In re Wiring Device Antitrust Litigation, 498 F. Supp. 79 (E.D.N.Y. 1980)).

This doctrine does not appear to apply to the Complaint at issue.  "Application of the artful pleading doctrine is most appropriate in cases where federal law altogether preempts and supplants state law, but plaintiff seeks to avoid the effect of preemption by pleading only state causes of action."  Cheshire, 758 F. Supp. at 1100.  Courts have not generally applied it when a plaintiff has both state and federal causes of action but elects to proceed only on the state claims.  See Franchise

---

[1] It is undisputed that diversity of citizenship is lacking in this case.



Tax Bd. v. Constructions Laborers Vacation Trust, 463 U.S. 1, 22 (1983); Cheshire, 758 F. Supp. at 1100 ("Where plaintiff alleges facts that will support claims arising under both state and federal law, plaintiff normally is free to ignore the claims arising under federal law and 'pitch his claim' on state grounds, thereby precluding removal on the basis of federal question jurisdiction."); Pendergraph v. Crown Honda-Volvo, LLC, 104 F. Supp. 2d 586, 589 (M.D.N.C. 1999) ("[T]he fact that state law independently espouses the same public policy established by Title VII does not transform Plaintiff's state law claims into federal causes of action.  Clearly, the state or local government's decision to look to federal law for guidance in interpreting state law does not federalize the cause of action.") (citations and quotation marks omitted).  "A federal question does not exist simply because the subject matter of the action could give rise to [] federal law claims as well as a state law claim." Cheshire, 758 F. Supp. at 1100.

The defendant contends that because Redding previously filed a federal lawsuit asserting claims under Title VII and, after those claims were dismissed,[2] filed a state case recasting those claims under state law, then the artful pleading doctrine applies. (Notice of Removal at 2, ECF No. 1 at 2.)  Based on the filings at issue here, the court disagrees.  First, the cases upon which the defendant relies for this proposition either undercut its position or involved vastly different procedural histories than the one presented here.  See Cheshire, 758 F. Supp. at 1100 (finding no federal jurisdiction where a plaintiff pled a state law claim under the South Carolina Unfair Trade Practices Act and a claim of common law civil conspiracy and rejecting the defendants' argument "that the complaint's repeated use of antitrust conspiracy terminology and the fact that the practices

---

[2] The court observes that Redding's federal complaint raising Title VII claims in Civil Action No. 5:12-2113-JMC-PJG was not adjudicated on the merits, but rather was dismissed under Rule 12(b)(5) and Rule 4(m) for failure to timely and properly effect service of process.  See Redding v. Sun Printing Inc., C/A No. 5:12-cv-02113-JMC, 2013 WL 2149685 (D.S.C. May 16, 2013).

at issue have traditionally been the subject of federal antitrust challenges reflect the essentially federal nature of plaintiff's claims"); Federated Dep't Stores v. Moitie, 452 U.S. 394, 398 (1981) (observing the lower courts' conclusions that individual plaintiffs' lawsuit asserting state law claims following dismissal of their prior federal case based on failure to allege sufficient standing to sue was artfully pleaded and raised "essentially federal law" claims). In fact, in the Cheshire case, Judge Anderson determined that removal was inappropriate and that the artful pleading doctrine did not apply. Nor is the other case upon which the defendant relies, Moitie, 452 U.S. at 398 n.2, particularly supportive of its position. In Moitie, the Supreme Court did not make a determination that the plaintiff's filing of a federal case and subsequent filing of a state case based on state causes of action alleging the same facts after dismissal of the federal case was impermissible artful pleading to avoid providing the defendants a federal forum on federal claims. Rather, the Supreme Court noted that it was not questioning that factual finding by the lower courts, agreeing that "at least some of the claims" presented were "federal in nature." Id. at 398 n.2. In any event, the Complaint at issue here is much more akin to cases finding that plaintiffs may avoid federal jurisdiction by foregoing their Title VII remedies and relying solely on state law. See Pendergraph, 104 F. Supp. 2d at 588; see also Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 785-87 (E.D. Va. 2007).

## RECOMMENDATION

It appearing that the court lacks subject matter jurisdiction over the Complaint, the court recommends that this case be remanded to state court.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 16, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).