**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Angelo Redding, ) | Civil Action No. 5:14-cv-00120-JMC |
|                Plaintiff, ) | |
| v. ) | **ORDER AND OPINION** |
| Sun Printing Inc., ) | |
|                Defendant. ) | |

Plaintiff Angelo Redding ("Plaintiff") filed this action against Defendant Sun Printing Inc. ("Defendant"), alleging state law claims for negligence and wrongful termination in violation of public policy and an implied contract. (ECF No. 1-1.)

This matter is before the court on Defendant's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c) motion") on the basis that Plaintiff's claims are barred by the applicable statute of limitations. (ECF No. 9.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On September 16, 2014, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court remand the case to state court because the court lacks subject matter jurisdiction over the Complaint. (ECF No. 28.) Defendant filed Objections to the Report and Recommendation asserting that the court should maintain jurisdiction over the action and grant its Rule 12(c) motion. (ECF No. 30.) For the reasons set forth below, the court **REMANDS** the case to the County of Orangeburg (South Carolina) Court of Common Pleas.

    **I.**    **RELEVANT BACKGROUND TO THE PENDING MOTION**

Plaintiff alleges that he was employed by Defendant until his termination on August 20,

1

2010.  (ECF No. 1-1 at 3 ¶ 4, 4 ¶ 5.)  On August 20, 2013, Plaintiff commenced the instant action against Defendant in the Orangeburg County (South Carolina) Court of Common Pleas, alleging claims for negligence and wrongful termination in violation of public policy and an implied contract.  (ECF No. 1-1 at 3–6.)  On January 15, 2014, Defendant removed the matter to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441.  (ECF No. 1.)  Specifically, Defendant asserted removal was appropriate for the following reasons:

> The Complaint in the instant action asserts federal questions over which this court has original jurisdiction under 28 U.S.C. § 1331, and the action is one which may be removed to this court by the defendant under 28 U.S.C. §§ 1441 and 1446 and pursuant to the artful pleading doctrine. McKnight v. Surgical Associates of Myrtle Beach, LLC, 2011 WL 5869800, at *2 (D.S.C. Nov. 18, 2011) ("The artful pleading doctrine permits the court to examine whether a plaintiff has attempted to avoid removal jurisdiction by 'artfully' casting essentially federal law claims as state law claims."). "The artful pleading doctrine has . . . been applied . . . where plaintiff first files a lawsuit alleging federal claims and then, after dismissal, seeks to recast those claims under state law . . ." Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1100-01 (D.S.C. 1990) (citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 398 n.2 (1981)).  That is precisely what Plaintiff has done here.
>
> Plaintiff, whose original Title VII claim is now barred by the 90-day statute of limitations established in 42 U.S.C. § 2000e–5(f)(1), has simply recast that claim as one for wrongful discharge in violation of public policy under Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213 (1985).  However, as a matter of law, his Ludwick claim is barred because remedies exist under both Title VII and 42 USC § 1981.  Sellers v. South Carolina Autism Soc., Inc., 861 F.Supp.2d 692, 699 (D.S.C. 2012) (dismissing Ludwick claim with prejudice because claims of race discrimination "may be advanced under at least two federal statutes (Title VII and Section 1981)" (parentheses in original)).  Thus Plaintiff's wrongful discharge claim is in fact a federal discrimination action and removal is proper.

(Id. at 2.)

In response to the allegations in the Complaint, Defendant filed a Rule 12(c) motion on March 14, 2014, asserting primarily that this action is barred by the statute of limitations.  (ECF No. 9.)  Plaintiff filed opposition to Defendant's Rule 12(c) motion on May 4, 2014, to which

2

Defendant filed a Reply in support of Motion for Judgment on the Pleadings on May 6, 2014. (ECF Nos. 19, 21.)

## II.     LEGAL STANDARD

A.     <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983); <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. <u>See</u> 28 U.S.C. § 636(b)(1).

B.     <u>Motions for Judgment on the Pleadings</u>

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." <u>Id.</u> "A fairly restrictive standard" is applied in ruling on a Rule 12(c) motion, as "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense." <u>Greenwich Ins. Co. v. Garrell</u>, C/A No. 4:11-cv-02743-RBH, 2013 WL 869602, at *4 (D.S.C. Mar. 7, 2013) (quoting 5C Charles A. Wright and Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1368 (3d ed. 2011)). A motion for judgment on the pleadings is intended to test the legal sufficiency of the complaint and will

3

operate to dispose of claims "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noted facts." Cont'l Cleaning Serv. v. UPS, No. 1:98CV1056, 1999 WL 1939249, at *1 (M.D.N.C. Apr. 13, 1999) (citing Herbert Abstract v. Touchstone Props., Inc., 914 F.2d 74, 76 (5th Cir. 1990)). "[A] motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)."[1] Deutsche Bank Nat'l Trust Co. v. IRS, 361 F. App'x 527, 529 (4th Cir. 2010) (citing Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009)); see also Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)); Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009). "When considering a motion for judgment on the pleadings, the court may consider the pleadings, exhibits attached thereto, documents referred to in the complaint that are central to the plaintiff's claims, and other 'materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.'" In re MI Windows & Doors, Inc. Prods. Liab. Litig., MDL No. 2333, Nos. 2:12-mn-00001, 2:12-cv-02269-DCN, 2013 WL 3207423, at *2 (D.S.C. June 24, 2013) (citations omitted); cf. Philips v. Pitt Cnty.

---

[1] "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; "importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999) (citing Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact." Wheeling Hosp., Inc. v. Ohio Valley Health Servs. and Educ. Corp., C/A No. 5:10CV67, 2010 WL 4977987, at *4 (N.D. W. Va. Dec. 2, 2010) (citing 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998)). The key difference between a Rule 12(b)(6) motion and a Rule 12(c) motion is "that on a 12(c) motion, the court is to consider the answer as well as the complaint." Fitchett v. Cnty. of Horry, S.C., C/A No. 4:10-cv-1648-TLW-TER, 2011 WL 4435756, at *3 (D.S.C. Aug. 10, 2011) (quoting Cont'l Cleaning Serv., 1999 WL 1939249, at *1); see also A.S. Abell Co. v. Balt. Typographical Union No. 12, 338 F.2d 190, 193 (4th Cir. 1964). However, the contents of the Answer are not at issue because Defendant has not yet answered the Complaint in this matter.

4

Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record. We may also consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.") (citations omitted).

In order to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005). However, the court is not required to accept the legal conclusions the plaintiff sets forth in the complaint. Edwards, 178 F.3d at 244. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 664. A well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

C.     Removal Based on Federal Question Jurisdiction and Remand

The party seeking to remove a case from state to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed. Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary.

Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); see Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction").  The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides that "a civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Id. at § 1441(a).  Moreover, in a case that does not contain an allegation of diversity of citizenship between the parties, the propriety of removal is based on a district court's "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In determining whether an action presents a federal question under 28 U.S.C. § 1331, courts look to the allegations in a plaintiff's well-pleaded complaint to determine whether an action "arises under" federal law or the United States Constitution. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9–10 (1983).  In examining the complaint, a court must first discern whether federal or state law creates the cause of action.  Most of the cases brought under federal question jurisdiction "are those in which federal law creates the cause of action." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809 (1986).  In cases where federal law creates the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction. Id.  If, however, state law creates the cause of action, federal question jurisdiction depends on whether the plaintiff's "well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." Pinney v.

6

Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005) (quoting Christianson v. Colt. Indus. Operating Corp., 486 U.S. 800, 808 (1988)).

Under the substantial federal question doctrine, "a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two elements: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." Pinney, 402 F.3d at 442 (quoting Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004)). If the defendant fails to establish either of these elements, the claim does not arise under federal law pursuant to the substantial federal question doctrine, and removal cannot be justified under this doctrine. Id. A plaintiff's right to relief necessarily depends on a question of federal law when "it appears that some . . . disputed question of federal law is a necessary element of one of the well-pleaded state claims." Id. (quoting Franchise Tax Bd., 463 U.S. at 13). If a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law. See id. Thus, a claim supported by alternative theories in the complaint may not form the basis for federal jurisdiction unless federal law is essential to each of those theories. Christianson, 486 U.S. at 810. Mere connection between a claim and a federal regulatory regime is an insufficient basis for federal jurisdiction. Pinney, 402 F.3d at 448 (discounting defendant's argument that the substantial-federal-question test could be met by a "sufficient connection" between "plaintiff's claim for relief and a federal regulatory scheme").

### III.  ANALYSIS

A.  The Report and Recommendation

In the Report and Recommendation, the Magistrate Judge observed that Plaintiff could

avoid federal jurisdiction by exclusively relying on state law and did so in this case by not referring in the Complaint "to Title VII of the Civil Rights Act or any other federal statute; nor does he identify any other federal law constituting an essential element of his claims." (ECF No. 28 at 3.) The Magistrate Judge further observed that Defendant's reliance on the "artful pleading doctrine" to remove the matter was inappropriate because Plaintiff's Complaint only alleged state claims thereby precluding removal on the basis of federal question jurisdiction. (Id. at 3–4.) As a result of the foregoing, the Magistrate Judge determined that the court did not have subject matter jurisdiction over the Complaint and recommended that the court remand the case to state court without adjudicating Defendant's Rule 12(c) motion. (Id. at 5.)

B.     Defendant's Objections

Defendant objects to the Magistrate Judge's recommendation of remand asserting that Plaintiff's state law claims are "foreclosed by the fact he had an existing remedy under Title VII - - a claim which this court previously dismissed."[2] (ECF No. 30 at 1.) In this regard, Defendant asserts that Plaintiff's claims for negligence and wrongful termination in violation of public policy and an implied contract are not alternative claims, but claims that are preempted by Title VII. (Id. at 1–4 (citing, e.g., Amason v. PK Mgmt., LLC, C/A No. 3:10-1752-MJP-JRM, 2011 WL 1100211, at *5 (D.S.C. Mar. 1, 2011) (plaintiff "may not pursue a claim for wrongful termination in violation of public policy based on an alleged Title VII violation because in South Carolina a 'public policy' claim can only be maintained in the absence of a statutory remedy"); Boyd v. O'Neill, 273 F. Supp. 2d 92, 96 (D.D.C. 2003) ("When, as here, the victim of a discriminatory act [does not] allege [ ] a harm apart from discrimination, Title VII . . .

---

[2] Plaintiff previously initiated a lawsuit in this court asserting Title VII claims. (See ECF No. 1-1 (C/A No. 5:12-cv-02113-JMC).) This action was dismissed for failure to timely and properly effect service of process pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m). See Redding v. Sun Printing Inc., C/A No. 5:12-cv-02113-JMC, 2013 WL 2149685, at *3 (D.S.C. May 16, 2013).

preclude[s] her from suing under a common law tort theory to remedy that [same] injury."); McGee v. D.C., 646 F. Supp. 2d 115, 122 (D.D.C. 2009) ("Because the contract claims are based on the same facts, legal duties and injuries that underlie the plaintiff's Title VII claims, the plaintiff's contract claims duplicate his Title VII claims and would be subject to dismissal.")).) Therefore, Defendant argues that the court should maintain jurisdiction over the action and grant its Rule 12(c) motion.

C.     The Court's Review

In its submissions to the court, Defendant argues that the artful pleading doctrine allows the court to maintain subject matter jurisdiction over Plaintiff's claims even without him having pleaded a federal claim. (See, e.g., ECF Nos. 1 at 2, 30 at 1.) Defendant further argues that Plaintiff pleaded state law claims for negligence and wrongful termination in violation of public policy and an implied contract just to avoid federal jurisdiction by not pleading a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. As a result of the foregoing, Defendant argues that Plaintiff has failed to present alternative state law claims that are "not preempted by Title VII." (ECF No. 30 at 1.)

Upon review, the court cannot agree with Defendant that federal subject matter jurisdiction exists over this action because Plaintiff's state law claims are masquerading as federal law claims. In this regard, the court finds that Plaintiff's claims fall outside the purview of the artful pleading doctrine because federal causes of action under Title VII do not completely preempt state law. See Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) ("The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim."); Alexander v. Gardner-Denver Co., 415 U.S. 36, 48-49 (1974) ("[T]he legislative history of Title VII manifests a congressional intent to allow an individual to pursue

9

independently his rights under both Title VII and other applicable state and federal statutes. The clear inference is that Title VII was intended to supplement, rather that supplant, existing laws and institutions regarding employment."); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."). Therefore, since Title VII does not completely preempt state law, the artful pleading doctrine does not permit the court to assume the existence of a federal question. Moreover, since Plaintiff has not alleged any other claim or right arising under the Constitution, treaties or laws of the United States, the court agrees with the Magistrate Judge that the matter must be remanded to state court because the court lacks subject matter jurisdiction.[3] Gully v. First Nat'l Bank, 299 U.S. 109, 112 (1936) ("right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action").

## IV.     CONCLUSION

For the reasons set forth above, the court hereby **REMANDS** this action to the Court of Common Pleas of Orangeburg County, South Carolina for further proceedings. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 16, 2015
Columbia, South Carolina

---

[3] Neither party has alleged that the court has subject matter jurisdiction based on the diversity of citizenship between the parties.